Local Form 3015-1 (12/17)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA FOURTH DIVISION

In re:
JORGE H IBARRA MONTANO

Case no.: 19-41278
CHAPTER 13 PLAN ☑ Modified
Dated: June 14, 2019

Debtor.
In a joint case, debtor means debtors in this plan.

**Part 1. NOTICE OF NON-STANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE:** Debtors must check the appropriate boxes below to state whether or not the plan includes each of the following items:

| | | Included | Not included |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 9 or 17 | ☐ Included | ☑ Not included |
| 1.2 | Avoidance of a security interest or lien, set out in Part 17 | ☐ Included | ☑ Not included |
| 1.3 | Nonstandard provisions, set out in Part 17 | ☑ Included | ☐ Not included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE**

2.1 As of the date of this plan, the debtor has paid the trustee $0.00.
2.2 After the date of this plan, the debtor will pay the trustee $325.00 per month for 60 months beginning in May 2019 for a total of $19,500.00. The initial plan payment is due not later than 30 days after the order for relief.
2.3 The minimum plan length is ☑ 36 months or ☐ 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
2.4 The debtor will also pay the trustee 0.00.
2.5 The debtor will pay the trustee a total of $19,500.00 [lines 2.1 + 2.2 + 2.4]

**Part 3. PAYMENTS BY TRUSTEE** — The trustee will make payments only to creditors for which proofs of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or $1950.00 [line 2.5 x .10]

**Part 4. ADEQUATE PROTECTION PAYMENTS (§ 1326(a)(1)(C))** — The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

| Creditor | Monthly Payment | Number of Months | Total Payments |
|---|---|---|---|
| -NONE- | | | |
| TOTAL | | | $0.00 |

**Part 5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365]** — The debtor assumes the following executory contracts or unexpired leases. Debtor will pay directly to creditors all payments that come due after the date the petition was filed. Cure provisions, if any, are set forth in Part 8.

| Creditor | Description of Property |
|---|---|
| -NONE- | |

**Part 6. CLAIMS NOT IN DEFAULT** — Payments on the following claims are current and the debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any.

| Creditor | Description of Property |
|---|---|
| -NONE- | |

**Part 7. HOME MORTGAGES IN DEFAULT (§§ 1322(b)(5) and 1322(e))** — The trustee will cure payment defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens. **All following entries are estimates.** The trustee will pay the actual amounts of default.

| | Creditor | Amount of default | Monthly payment | Beginning in month # | Number of payments | Total payments |
|---|---|---|---|---|---|---|
| 7.1 | HOME POINT FINANCIAL | $5,842.00 | $92.00/192.00 | 6/30 | 24/19 | $5,842.00 |
| | TOTAL | | | | | $5,842.00 |

**Part 8. CLAIMS IN DEFAULT (§§ 1322 (b)(3) and (5) and 1322(e)):** The trustee will cure payment defaults on the following claims as set forth below. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any. **All following entries are estimates, except for interest rate.**

|     | Creditor | Amount of default | Interest rate (if any) | Monthly payment | Beginning in month # | Number of payments | Total payments |
|-----|----------|------------------:|-----------------------:|----------------:|---------------------:|-------------------:|---------------:|
| 8.1 | SETTLERS LANDING TOWNHOME HOA | 4,337.00 | | 100.00 | 6 | 44 | 4,337.00 |
|     | TOTAL | | | | | | $4,33700 |

**Part 9. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5)) (secured claim amounts in plan this Part control over any contrary amount except for secured claims of governmental units):** The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column below. Unless otherwise specified in Part 17, the creditors will retain liens securing the allowed secured claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge, and if this case is dismissed or converted without completion of the plan, such liens shall also be retained by such holders to the extent recognized by applicable nonbankruptcy law. **Notwithstanding a creditor's proof of claim filed before or after confirmation, the amount listed in this Part as a creditor's secured claim binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim.** For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with FRBP 3012(c) controls over any contrary amount.

| Creditor | Claim amount | Secured Claim | Interest Rate | Begin-ning in month # | (Monthly payment) | X Number of payments) = Plan payments | + Adq. Pro. from Part 4 | = Total payments |
|----------|--------------|---------------|---------------|-----------------------|-------------------|---------------------------------------|-------------------------|------------------|
| TOTAL    |              |               |               |                       |                   |                                       |                         | $0.00 |

**Part 10. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325) (910 vehicles and other things of value)(allowed filed secured claim controls over any contrary amount):** The trustee will pay in full the amount of the following allowed secured claims. **All following entries are estimates, except for interest rate.** The creditors will retain liens. Unmodified 910 claims not in default are addressed in Part 6. Unmodified 910 claims in default are addressed in Part 8.

| Creditor | Claim amount | Interest Rate | Beginning in month # | (Monthly payment) | X Number of payments) | = Plan payments | + Adq. Pro. from Part 4 | = Total payments |
|----------|--------------|---------------|----------------------|-------------------|-----------------------|-----------------|-------------------------|------------------|
| -NONE-   |              |               |                      |                   |                       |                 |                         |                  |
| TOTAL    |              |               |                      |                   |                       |                 |                         | $0.00 |

**Part 11. PRIORITY CLAIMS (not including claims under Part 12):** The trustee will pay in full all claims entitled to priority under § 507(a)(2) through (a)(10), including the following. **The amounts listed are estimates.** The trustee will pay the amounts actually allowed.

|      | Creditor | Estimated Claim | Monthly payment | Beginning in Month # | Number of payments | Total payments |
|------|----------|----------------:|----------------:|---------------------:|-------------------:|---------------:|
| 11.1 | Attorney Fees | $3,800.00 | $292.00/100.00 | 1/6 | 5/24 | $3,800.00 |
| 11.2 | IRS | | | | | |
| 11.3 | MN DEPT OF REVENUE | | | | | |
|      | TOTAL | | | | | $3,800.00 |

**Part 12. DOMESTIC SUPPORT OBLIGATION CLAIMS:** The trustee will pay in full all domestic support obligation claims entitled to priority under § 507(a)(1), including the following. **The amounts listed are estimates.** The trustee will pay the amounts actually allowed.

| Creditor | Estimated Claim | Monthly payment | Beginning in Month # | Number of payments | Total payments |
|----------|-----------------|-----------------|----------------------|--------------------|----------------|
| -NONE-   |                 |                 |                      |                    |                |
| TOTAL    |                 |                 |                      |                    | $0.00 |

**Part 13. SEPARATE CLASSES OF UNSECURED CLAIMS** — In addition to the class of unsecured claims specified in Part 14, there shall be separate classes of non-priority unsecured creditors described as follows:  _-NONE-_
The trustee will pay the allowed claims of the following creditors. **All entries below are estimates.**

| Creditor | Interest Rate (if any) | Claim Amount | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|----------|------------------------|--------------|-----------------|----------------------|--------------------|----------------|
| -NONE-   |                        |              |                 |                      |                    |                |

| Creditor | Interest Rate (if any) | Claim Amount | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| TOTAL | | | | | | $0.00 |

**Part 14. TIMELY FILED UNSECURED CLAIMS** — The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under Parts 3, 7, 8, 9, 10, 11, 12 and 13 their pro rata share of approximately $3,571.00  [line 2.5 minus totals in Parts 3, 7, 8, 9, 10, 11, 12 and 13].

14.1　The debtor estimates that the total unsecured claims held by creditors listed in Part 9 are $0.00 .

14.2　The debtor estimates that the debtor's total unsecured claims (excluding those in Part 9 and 13) are $22,620.00  .

14.3　Total estimated unsecured claims are $22,620.00   [lines 14.1 + 14.2].

**Part 15. TARDILY-FILED UNSECURED CREDITORS** — All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 4, 7, 8, 9, 10, 11, 12, 13 and 14, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed.

**Part 16. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:** The debtor has surrendered or will surrender the following property to the creditor. The debtor requests that the stays under §§ 362(a) and 1301(a) be terminated as to the surrendered collateral upon confirmation of the plan.

| Creditor | Description of Property |
|---|---|
| -NONE- | |

**Part 17. NONSTANDARD PROVISIONS:** The Trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Any nonstandard provisions, as defined in FRBP 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void. Any request by the debtor to modify a claim secured only by a security interest in real property that is the debtor's principal residence must be listed in this Part and the debtor must bring a motion to determine the value of the secured claim pursuant to Local Rule 3012-1(a).

| | |
|---|---|
| 17.1 | In the event a secured creditor is granted stay relief or there is a surrender, repossession, or return of collateral to the creditor for any reason, the creditor may file a proof of claim for any deficiency within 30 days after the surrender, repossession or return of the collateral. If such a proof of claim is filed, the claim, if any, will be paid as an unsecured claim in accordance with non-bankruptcy law and dischargeable upon completion of this plan or any future modified plan. The trustee will stop paying the claim as a secured claim upon the granting of a motion for relief from stay. |
| 17.2 | The debtor(s) shall send the Trustee each year during the Chapter 13 Plan copies of federal and state income tax returns at the time they are filed. The debtor(s) shall also promptly report to the Trustee the receipt of any federal and state tax refunds for the duration of this Chapter 13 case. The debtor(s) shall be entitled to retain the first $1,200 (single debtor or single tax return filer) or $2,000 (joint debtor or joint tax return filer), plus any earned income credit (EIC), plus any Minnesota Working Family credit.  Any remaining amounts shall be turned over to the Chapter 13 trustee as additional plan payments. |

| Class of Payment | Amount to be paid |
|---|---|
| Payments by trustee's [Part 3] | $ 1,950.00 |
| Home Mortgage Defaults [Part 7] | $ 5,842.00 |
| Claims in Default [Part 8] | $ 4,337.00 |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 9] | $ 0.00 |
| Secured claims excluded from § 506 [Part 10] | $ 0.00 |
| Priority Claims [Part 11] | $ 3,800.00 |
| Domestic support obligation claims [Part 12] | $ 0.00 |
| Separate classes of unsecured claims [Part 13] | $ 0.00 |
| Timely filed unsecured claims [Part 14] | $ 3,571.00 |
| TOTAL (must equal line 2.5) | $ 19,500.00 |

Certification regarding nonstandard provisions:
I certify that this plan contains no nonstandard provision except as placed in Part 17.

Signed: _____
　　Robert J. Hoglund 210997
　　Attorney for debtor or debtor if pro se

Signed: _____
　　JORGE H IBARRA MONTANO
　　Debtor 1

Signed: _____
　　Debtor 2 (if joint case)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:  Bkry Case No: 19-41278

Jorge Ibarra Montaño,  Chapter 13

Debtor(s).

**NOTICE OF FILING MODIFIED CHAPTER 13 PLAN PRIOR TO CONFIRMATION**

TO:  ALL PARTIES IN INTEREST

PLEASE TAKE NOTICE that the debtor(s), pursuant to Local Rule 3015-2(a) have filed the attached modified Chapter 13 Plan.  The Hearing on Confirmation of the Modified Plan is scheduled for August 1, 2019 at 10:30 a.m. in United States Bankruptcy Court, Courtroom 7 West, Seventh Floor, 300 South Fourth Street, Minneapolis, Minnesota.

Any objection to this Modified Plan must be served by delivery not later than 24 hours prior to the time and date set for the confirmation hearing or mailed not later than three days prior to the date set for the confirmation hearing.

Dated: July 15, 2019

HOGLUND, CHWIALKOWSKI & MROZIK, PLLC
Signed: /e/ ***Robert J. Hoglund***
Robert J. Hoglund         #210997
Keith Chwialkowski        #210134
Jeffrey J. Bursell        #293362
Kristen M. Whelchel       #339866
Attorney for Debtor(s)
1781 West County Road B
P.O. Box 130938
Roseville, Minnesota 55113
Telephone Number: (651) 628-9929

UNITED STATES BANKRUPTCY COURT

DISTRICT OF MINNESOTA

In Re:  
    Jorge Ibarra Montaño

        Debtor(s).

Bkry Case No: 19-41278  
Chapter 13

**UNSWORN CERTIFICATE OF SERVICE**

I, Melissa Matthews, employed by Hoglund, Chwialkowski & Mrozik, PLLC, attorneys licensed to practice law in this Court, with office address of 1781 West County Road B, Roseville, Minnesota 55113, declare that on July 15, 2019, I served the Modified Chapter 13 Plan and Notice of Filing Modified Plan Prior to Confirmation to each of the entities named below by first class mail postage prepaid and to any entities who are Filing Users, by automatic e-mail notification pursuant to the Electronic Case Filing System:

**The following were served by certified mail:**

**Home Point Financial**  
William Newman  
2211 Old Earhart Road, Suite 250  
Ann Arbor, MI 48105  
**William Newman is listed as the President and Chief Executive Officer of Home Point Financial as obtained through** www.homepointfinancial.com **on April 30 2019.**

**Settlers Landing Home Owners Association**  
C/O Gassen Company  
Kirk Gassen  
6438 City West Parkway  
Eden Prairie, MN 55344  
**Kirk Gassen is the CEO of Gassen Company as obtained through** www.gassen.com **on April 30, 2019.**

**The following were served via first class mail postage prepaid:**

Jorge Ibarra Montaño  
1339 Raintree Lane  
Waconia, MN 55387

And to all creditors/parties in interest listed on matrix (see attached)

I declare, under penalty of perjury, that the foregoing is true and correct.  
Dated: July 15, 2019  
Signed: Melissa Matthews  
 Paralegal

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0864-4<br>Case 19-41278<br>District of Minnesota<br>Minneapolis<br>Mon Jul 15 08:03:14 CDT 2019 | Minneapolis<br>301 U.S. Courthouse<br>300 South Fourth Street<br>Minneapolis, MN 55415-1320 | CAPITAL ONE/MENARDS<br>PO BOX 30285<br>SALT LAKE CITY UT 84130-0285 |
| CREDIT FIRST N.A.<br>PO BOX 81344<br>CLEVELAND, OH 44188-0344 | HOME POINT FINANCIAL<br>2211 OLD EARHART RD<br>STE 250<br>ANN ARBOR MI 48105-2963 | Home Point Financial Corporation<br>11511 Luna Road, Suite 300<br>Farmers Branch, TX 75234-6451 |
| Home Point Financial Corporation<br>c/o D. Anthony Sottile, Authorized Agent<br>394 Wards Corner Road, Suite 180<br>Loveland, OH 45140-8362 | (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | IRS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 |
| MN DEPT OF REVENUE<br>551 BKCY SECTION CEU DEPT<br>PO BOX 64447<br>SAINT PAUL MN 55164-0447 | Matthew S. Greenstein<br>825 Nicollet Mall, Ste 1648<br>Minneapolis, MN 55402-2705 | (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 |
| SETTLERS LANDING TOWNHOME HOA<br>6438 CITY WEST PKWY<br>EDEN PRAIRIE MN 55344-3245 | TIRES PLUS<br>2730 LINCOLN DR<br>ROSEVILLE MN 55113-1333 | US Trustee<br>1015 US Courthouse<br>300 S 4th St<br>Minneapolis, MN 55415-3070 |
| WELLS FARGO<br>MAC N977777-112<br>PO BOX 1569<br>SIOUX FALLS SD 57101-1569 | Wells Fargo Bank, N.A.<br>435 Ford Road, Suite 300<br>St. Louis Park, MN 55426-4938 | Wells Fargo Bank, N.A.<br>Wells Fargo Card Services<br>PO Box 10438, MAC F8235-02F<br>Des Moines, IA 50306-0438 |
| Gregory A Burrell<br>100 South Fifth Street<br>Suite 480<br>Minneapolis, MN 55402-1250 | JORGE HUMBERTO IBARRA MONTANO<br>1339 RAINTREE LN<br>WACONIA, MN 55387-4511 | Robert J. Hoglund<br>Hoglund, Chwialkowski & Mrozik, PLLC<br>1781 West County Road B<br>P.O. Box 130938<br>Roseville, MN 55113-0019 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| IRS<br>30 E 7TH STREET SUITE 1222<br>MAIL STOP 5700<br>SAINT PAUL MN 55101 | Portfolio Recovery Associates, LLC<br>c/o Menards<br>POB 12914<br>Norfolk VA 23541 | End of Label Matrix<br>Mailable recipients    20<br>Bypassed recipients     0<br>Total                   20 |

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:   Bankruptcy Case Number: 19-41278

Jorge H. Ibarra Montano

Debtor(s).   **SIGNATURE DECLARATION**

( ) PETITION, SCHEDULES & STATEMENTS
( ) CHAPTER 13 PLAN
( ) SCHEDULES & STATEMENTS ACCOMPANYING VERIFIED CONVERSION
( ) AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
(X) MODIFIED CHAPTER 13 PLAN/MOTION FOR HEARING
( ) OTHER:

I (we), the undersigned debtor(s) or authorized representative of the debtor, make the following declarations under penalty of perjury:

1. The information I have given my attorney for the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;
2. The Social Security Number or Tax Identification Number I have given to my attorney for entry into the court's Case Management/Electronic Case Filing (CM/ECF) system as a part of the electronic commencement of the above-references case is true and correct;
3. **[individual debtors only]** If no Social Security Number was provided as described in paragraph 2 above, it is because I do not have a Social Security Number;
4. I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration;
5. My electronic signature contained on the documents filed with the Bankruptcy Court has the same effect as if it were my original signature on those documents; and
6. **[corporate and partnership debtors only]** I have been authorized to file this petition on behalf of the debtor.

Date: 06/19/19

_____   _____
Signature of Debtor 1 or Authorized Representative   Signature of Debtor 2

Jorge H. Ibarra Montano
Printed Name of Debtor 1 or Authorized Representative   Printed Name of Debtor 2

HOGLUND, CHWIALKOWSKI & MROZIK, PLLC
Signed: /e/ *Robert J. Hoglund*
Robert J. Hoglund   #210997
1781 West County Road B
P.O. Box 130938
Roseville, Minnesota 55113
Telephone Number: (651) 628-9929

signdec